UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE E. ELLIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER** |
| | **SECTION** |
| **CITY OF GRETNA, ARTHUR LAWSON, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE GRETNA POLICE DEPARTMENT, OFFICER ROLAND KINDELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY OF GRETNA POLICE OFFICER** | **MAGISTRATE**<br><br>**CIVIL RIGHTS UNDER 42 U.S.C. 1983** |

# **COMPLAINT**

I.    **JURISDICTION**

1.    This action is brought pursuant to 42 U.S.C. 1983 and 1988. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343, the Fourth and Fourteenth Amendments to the Constitution of the United States.  Supplemental jurisdiction over claims under state constitutional and statutory law is also invoked.  A jury trial is requested.

II.    **PARTY PLAINTIFF**

2.    Plaintiff, Maurice Ellis, is a person of the full age of majority, is a resident of Gretna, Louisiana.

III.    **PARTY DEFENDANTS**

3.      Defendant, CITY OF GRETNA (CITY) made defendant herein, is a political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times the employer of the defendant GRETNA POLICE DEPARTMENT (GPD) personnel named as defendants herein.  Defendant CITY is directly liable for the acts, complained of herein due to the policies, practices, procedures and customs of its police department and its employees.  It is also responsible for the hiring, training, supervision, discipline and control of the GPD personnel named as defendants herein as well as any other named police employees and supervisors who had responsibility for the acts and omissions described herein as well as the training, supervision, discipline and control of the canine officers under the control and supervision of the GPD.  Defendant City is also vicariously liable for the actions of its employees as described herein, under state law.

4.      Defendant, Arthur Lawson was the Chief of Police for the City of Gretna at all times pertinent herein.  He was responsible for the policies, practices, customs and procedure of the GPD, as well as the hiring, training, supervision, discipline and control of police officers under his command, including the GPD defendants named and referenced herein.  He is of the full age of majority, and upon information and belief, is a resident of the Eastern District of Louisiana.  He is sued in his individual and official capacity.  At all pertinent times herein he was acting under color of law and in the course and scope of his employment with CITY.  He was a policymaker for the CITY relating to police practices, policies, customs and procedure.

5.    Defendant, ROLAND KINDELL is an employee of the GPD, a person of the full age of majority, and on information and belief, resident of the Eastern District of Louisiana.  At all pertinent times herein, he was acting under color of law and in the course and scope of his employment with CITY.  He is sued in his individual and official capacities.

6.    At all times material through this complaint, each of the defendants was acting under color of state law, ordinance and/or regulation, and in the course and scope of their employment with the City of Gretna and/or the Gretna Police Department.

IV.    **STATEMENT OF FACTS**

7.    On Saturday January 1, 2011 at approximately 3:00 a.m. the plaintiff Maurice Ellis was preparing to go on a rabbit hunt with his friends and family.  As plaintiff was loading his truck in order to get ready for the hunt, and walking back to his residence, suddenly and without warning the plaintiff was shot in his back and right arm by defendant, Roland Kindell.  Not knowing who had fired upon him, the plaintiff fled upstairs to his apartment.  Plaintiff locked himself within the apartment afraid that whoever had shot him might continue their pursuit.  Plaintiff was not given any medical attention until roughly six hours later at which time he was taken to University Hospital by Gretna EMS.

8.    At no times relevant herein did the plaintiff, Maurice Ellis fire any weapon at police or any civilians.

9.    At no times relevant herein did the plaintiff, Maurice Ellis point any firearm at the police or any civilians.

10.     At no times relevant herein, did the defendant Roland Kindell, announce his presence or give any verbal command to the plaintiff.

11.     At no times relevant herein, did any other officer on the scene announce their presence or give any verbal command to the plaintiff.

12.     Resulting from this incident, the plaintiff was wrongly charged with two counts of First Degree Attempted Murder, two counts of Aggravated Assault on a Police Officer with a Firearm, one count of Resisting an Officer, Illegal Carrying of Weapons, Terrorizing, and Disturbing the Peace.

13.     Plaintiff Ellis sustained severe and debilitating injuries as a result of the actions of defendants, including but not limited, to severe mental anguish, loss of use of his right arm and right hand, severe nerve damage, a shattered right humerus, severed nerves to his wrist, thumb and fingers, has undergone numerous surgeries and has many more surgeries in the future.  Plaintiff is in constant pain and has also suffered loss of income and earning capacity.  Plaintiff further suffers from being falsely prosecuted.

14.     Upon information and belief, it was well known by defendant Chief of Police Lawson that Officer Kindell has previously been involved in several abuse of force investigations and has used excessive force without necessity.  The failure to remedy the situation resulted in the injuries sustained by plaintiff.

15.     Defendant Chief of Police LAWSON, failed to insist upon the accountability and discipline of officers under his command and communicated, directly or indirectly, to those beneath him in line of authority a message that

4

encouraged a lack of normal discipline and protocol; indirectly encouraging the excessive force which occurred and resulted in plaintiff Ellis' injuries.

16.     Defendant Chief of Police LAWSON, was responsible for the supervision, monitoring, training, discipline, control and oversight of the activities of defendant KINDELL and was, at all pertinent times, acting under color of law and in the course and scope of his employment with the City of Gretna.

17.     On information and belief, the defendant officer named herein, had also been involved in other incidents relating to the violation of the rights of individuals with no appropriate investigation, discipline, accountability or consequence thereto, which was known, or reasonably should have been known by defendant Chief of Police LAWSON, yet he implicitly approved of, ratified and condoned these actions, and negligently failed to take appropriate actions to prevent them.

18.     All of the actions by the defendants described herein took place under color of law and within the course and scope of their employment with the CITY, and within the jurisdiction of this Honorable Court.

**V.      CAUSES OF ACTION**

19.     Plaintiffs re-allege paragraphs 1-19.

20.     The actions of the defendant, KINDELL in maliciously assaulting, seizing, using excessive force and fraudulently prosecuting MAURICE ELLIS for crimes he did not commit, violated the rights of MAURICE ELLIS guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, to due process and to be free from unreasonable searches and seizures.    Plaintiff

MAURICE is, therefore, entitled to recover compensatory and punitive damages under 42 U.S.C. 1983.

21.     The actions of defendants in making and filing false and incomplete reports, failing to preserve and collect physical, scientific and/or photographic evidence, and the destruction of evidence inculpatory to them, in an attempt to cover-up the defendants' wrongdoing and shield them from civil and criminal liability and internal discipline, all of which was pursuant to a policy, practice and custom of the CITY through the GPD of making such false reports and destroying evidence, in cases involving allegations of police liability, violated MAURICE ELLIS Fourth and Fourteenth Amendment rights to access to the courts, to be free from unreasonable force and to due process of law.

22.      The actions of the defendants as described herein, in destroying evidence, making false reports, and creating a cover-up of the circumstances surrounding the arrest and injury of MAURICE ELLIS, also deprived the named plaintiff of his rights to meaningful access to the courts as protected by the Fourth and Fourteenth Amendments of the U.S. Constitution.

23.     The defendants, acting together, and under color of law, reached an understanding, engaged in a course of conduct and otherwise conspired among themselves to deprive MAURICE ELLIS of his constitutional rights and did deprive him of said rights, including his right to access of the courts, his right to be free from the unjustifiable and excessive use of force, and his right to due process of the law as protected by the Fourth and Fourteenth Amendments of the United States and 42 U.S.C. 1983.

24.     In furtherance of this conspiracy or conspiracies, the defendants committed the overt acts set forth above, including, but not limited to, the unjustifiable and excessive use of force, the failure to prevent harm to MAURICE ELLIS, the making and filing of false and incomplete reports, the failure to preserve and collect physical, scientific and photographic evidence, the destruction of evidence inculpatory to them and the cover-up of said brutality.

25.     Defendants had knowledge of the conspiracy or conspiracies described above, had the ability to prevent said conspiracy or conspiracies but failed to do so, in violation of 42 U.S.C. 1983.

26.     The actions of the defendants as described above were done maliciously, willfully, wantonly and/or in reckless disregard for the plaintiff's constitutional rights.   As such, plaintiff MAURICE ELLIS is entitled to recover punitive damages under 42 U.S.C. s.1983.

27.     The constitutional violations and injuries to plaintiff were caused directly and proximately by customs, policies and practices of the defendant, CITY, and through the GPD and the defendant LAWSON, as Chief of Police.

28.     These customs, policies and practices of the defendant CITY and LAWSON, include: (1) the police code of silence; (2) making false, misleading and incomplete reports in cases involving police misconduct in order to protect themselves, the Department and the CITY from civil liability, criminal prosecutions and internal discipline and (3) the use of deadly force in non-threatening situations where the assailant poses no threat to the officers or risk of flight.

29.    The defendants, acting together and under the color of law, reached an understanding, engaged in a course of conduct and otherwise conspired among themselves to commit those acts described herein and to deprive MAURICE ELLIS of his constitutional rights as set forth herein.

30.    The defendant, LAWSON, had knowledge of the wrongdoings done, and conspired to be done as described herein, had the power to prevent or aid in the prevention of same, yet either failed or refused to do so in violation of 42 USC 1983.

31.    The defendant, CITY, had the power to prevent or aid in the prevention of wrongdoings done, and conspired to be done, as described herein, yet either failed or refused to do so, in violation of 42 USC 1983.

32.    The defendant, CITY, had developed and maintained policies, customs and practices and exhibited deliberate indifference to the constitutional rights of individuals in the CITY, which caused the violation of plaintiff's rights as described herein and the resultant damages suffered.  These policies, customs and practices include the following:

   A.    Failing to properly screen before hiring and failing to properly supervise, discipline, train or control police officers and supervisors all under its jurisdiction and control including the defendants.

   B.    Failing to provide adequate or reasonable training, supervision, discipline, oversight, monitoring or control of police officer, police officers, including the defendants herein, so that the officers' conduct and treatment of citizens was not adequately monitored or supervised, there was not meaningful evaluation or scrutiny regarding the treatment of citizens by officers and supervisors were not held accountable for the actions of the supervisors.

C.     Failing to adequately or properly investigate allegations of misconduct and/or violations of law by police officers including the defendants herein or to properly initiate or conduct investigations of offices including the defendants suspected of misconduct and/or violations of the law and instead tolerating the misconduct and mistreatment of citizens, including the actions of defendant officers.

D.     Failing to take reasonable and necessary steps to properly investigate, charge, maintain and defend disciplinary action for misconduct against GPD police officers including the defendants herein so that disciplinary investigations and actions, when taken, are frequently sabotaged and undermined with the result that they are frequently abandoned, reduced or lost on appeal with a corresponding decay and decline in professionalism, accountability and discipline in the police department, to the detriment of the civil rights of residents or visitor to the CITY.

E.     Failing to keep accurate and reasonable record of incidents involving allegations of police misconduct and the investigation, handling and resolution of those incidents, in order to avoid police scrutiny and accountability as to the extent of the misconduct and the inability of the department to police itself.

F.     Failing to conduct in-service training, re-training or enhanced supervision of police officers who were known, believed or suspected o have engaged in misconduct but for whom disciplinary action was not available for whatever reason including the defendants herein.

G.     Failing to reasonably or appropriately monitor civil litigation, police misconduct or any conduct of the police revealed through criminal proceedings so as to take corrective or disciplinary actions of the defendant officers, supervisors and commanders.

H.     Condoning, approving and authorizing a culture and environment within the GPD in which GPD personnel, including the defendants herein had the reasonable belief or expectation that their actions would not be properly monitored by supervisory or command officers and that their misconduct and/or unlawful actions would not be thoroughly investigated or sanctioned, but would be approved and tolerated.

33.     The actions and omissions of the defendants as described herein were done with deliberate indifference to the constitutional rights of MAURICE ELLIS.  The defendants have acted maliciously, willfully, wantonly, and in reckless disregard of MAURICE ELLIS' rights.

34.     The acts and omissions of the defendants as described herein were also done with negligence, gross negligence, and/or mal-intent in violation of Louisiana statutory and constitutional law; and with regard to MAURICE ELLIS, constituted assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, slander and criminal conspiracy and violation of the rights to privacy, to liberty, to due process, to be free from unreasonable search and seizure, and to be free from the unjustifiable and excessive use of force under state law.

35.     The defendant, CITY, negligently hired, trained, supervised, failed to discipline and entrusted the defendant in violation of Louisiana law.

36.     The acts and omissions of the defendants as described herein were within the course and scope of their employment and the defendant CITY is vicariously liable for their acts and omissions in accordance with Louisiana law.

37.     The defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying or condoning the commission of the above described acts and/or commissions.

38.     The actions of the defendants as described herein, were the proximate cause of MAURICE ELLIS suffering severe physical injuries, emotional, mental and physical pain and suffering.

VI.     **DAMAGES**

39.     As a result of the actions of the defendants as described above, damages have been incurred as follows:

    A.     The plaintiff, MAURICE ELLIS suffered compensatory and punitive damages based on the following:

        1.     Medical Expenses (Past, Present and Future)

        2.     Physical Pain and Suffering (Past, Present and Future)

        3.     Physical disfigurement.

        4.     Lost wages and/or employment opportunities (Past, Present and Future)

        5.     Mental Anguish (Past Present and Future)

        6.     Damages for violation of his civil rights,

        7.     Punitive damages yet to be determined.

40.     The plaintiffs are entitled to attorney's fees for the prosecution of this matter under 42 U.S.C. 1988.

VI.     **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that after due proceedings, there be judgment in their behalf and against defendants, jointly, severally and in solido, as follows:

    1.     Compensatory, special and punitive damages on behalf of the plaintiffs as previously outlined in paragraph 39;

    2.     That the plaintiffs be awarded reasonable attorneys fees and all costs of these proceedings;

3. That judicial interest be awarded from the date of judicial demand;

4. That this matter be tried by a jury; and

5. All other relief that this Court deems just and/or proper.

Respectfully submitted,

**DeSalvo, Blackburn, & Kitchens, LLC**


/s/ Roger W. Kitchens

Roger W. Kitchens (LA Bar#25130)
Robert P. Blackburn (LA Bar#24968)
F. Gerald DeSalvo (LA Bar#25647)
2802 Tulane Avenue
New Orleans, Louisiana 70119
(504) 821-6171, Telephone
(504) 821-6172, Facsimile



**PLEASE SERVE:**

City of Gretna
Through its agent for service
Mark Morgan
211 Derbigny Street
Gretna, Louisiana 70053

Arthur Lawson
Gretna Police Department
200 5th Street
Gretna, Louisiana 70053

Officer Roland Kindell
Gretna Police Department
200 5th Street
Gretna, Louisiana 70053